# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**FOUAD M. HASSAN,**
**Claimant Below, Petitioner**

**FILED**

December 7, 2017
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 17-0369** (BOR Appeal No. 2051564)
                      (Claim No. 2013001104)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**RG STEEL WHEELING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Under West Virginia Code § 23-4-24(a) (2005), no claimant shall be awarded permanent total disability benefits who terminates active employment and is receiving full old-age retirement benefits under the Social Security Act. Because the evidence of record shows that Mr. Hassan terminated his active employment and is receiving full old-age Social Security benefits, it was appropriate to dismiss his claim for permanent total disability benefits. Further, the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Therefore, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

This case began when Mr. Hassan filed two applications to reopen his claim for permanent total disability, one on March 9, 2015, and one on June 16, 2015. Mr. Hassan was born on April 27, 1949, and was a long time employee at RG Steel Wheeling, Inc. Over the years, Mr. Hassan suffered several compensable injuries. Mr. Hassan retired on April 21, 2011, and began receiving Social Security Disability that same year. Mr. Hassan began receiving old age Social Security in April of 2015 after he reached age sixty-six. On July 10, 2015, the claims administrator denied Mr. Hassan's permanent total disability application. Mr. Hassan appealed the claims administrator's decision to the Office of Judges.

1

The Office of Judges determined that under West Virginia Code § 23-4-24(a), the decision of the claims administrator should be modified to reflect that the claim is re-opened for permanent total disability consideration; however, Mr. Hassan is ineligible for such award. The Office of Judges explained that West Virginia Code § 23-4-24(a), provides that no claimant shall be awarded permanent total disability benefits who terminates active employment and is receiving full old-age retirement benefits under the Social Security Act. The Office of Judges found that he filed his application on March 9, 2015, turned sixty-six on April 27, 2015, and began to receive old-age Social Security. The Office of Judges concluded that the significance of that was that under West Virginia Code § 23-4-24(a) he could no longer introduce evidence of his disability and could not have the claim remanded to produce evidence of his disability. The Office of Judges noted that Patrick K. Maroney, counsel for Mr. Hassan argued that he was not retired because he was seeking another job. The Office of Judges stated that it considered the argument but found it unpersuasive. The Board of Review adopted the findings of the Office of Judges and affirmed its Order. Brandolyn N. Felton-Ernest, counsel for the West Virginia Office of the Insurance Commissioner, argued that he retired and was receiving old-age Social Security, which disqualified him from permanent total disability consideration.

After review, we find that the Order of the Office of Judges, as affirmed by the Board of Review, is correct. The Office of Judges found that Mr. Hassan retired in April of 2011. It further found that he received old-age Social Security in April of 2015. By operation of West Virginia Code § 23-4-24(a), Mr. Hassan was no longer eligible for permanent total disability benefits and was barred from introducing evidence to show his disability.

Affirmed.

**ISSUED: December 7, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker